UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL P. REEVE,

                          Plaintiff,

      v.                                        5:13-cv-712

DR. WILLIAM MURABITO, et al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff Michael Reeve commenced the instant action pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et seq.*, alleging that Defendants failed to engage in the interactive process with him to identify a reasonable accommodation to his disability and failed to reasonably accommodate his disability. Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12. Because Plaintiff has since filed an Amended Complaint, the Court will apply Defendants' motion to the allegations in the Amended Complaint.

## I.    FACTS

The sequence of events are somewhat confusing based on the Amended Complaint's allegations. Some of the assertions appear to be contradictory. The Court will endeavor to make sense of the allegations in the Amended Complaint.

The Amended Complaint alleges that Plaintiff is an employee at Morrisville State College. As a result of a fall at work in March 2008, Plaintiff sustained an injury. Plaintiff

went out on medical leave and underwent a spinal fusion in 2010. Plaintiff returned to work in the fall of 2011. Plaintiff's doctors advised that he should reduce his walking and standing. Plaintiff is unable "to walk over 100 feet without severe pain."

In December 2011, Plaintiff had a casual meeting with Dean Christian Cring wherein Plaintiff advised that he wanted to return the keys to the office of "Dr. (N)," who had been laid off. Am. Compl. Ex. 1 at 1-2. Having learned that Dr. N's office would be empty, that evening, Plaintiff begun to think about his "needs." Id. at 2. Sometime thereafter, Plaintiff claims that he requested an accommodation of a "centrally [located] office," but that "no discussion was forthcoming." Id. According to Plaintiff, his current office is "in the basement with no rest room facilities or accessible elevator which results in a 600 foot and 2 trips up and down stairs for one trip to the rest room facilities and an even greater distance to his] upstairs lecture rooms or laboratories." Despite claiming that "no discussion was forthcoming," the Amended Complaint states that on December 12, 2011, he was "offered two rooms which would accommodate [his] disability." Am. Compl. at 3. Plaintiff rejected these rooms because one of the rooms created more walking from his lab and "[b]oth rooms lacked windows and outside light" and Plaintiff is "mildly claustrophobic and require[s] the vision of outside light." Id. Plaintiff further claims that these rooms were located behind college lecture rooms, were noisy, and lacked privacy. Id. According to Plaintiff, he was "insulted by [the] offers and ended the meeting." Id.

In a meeting held on December 19, 2011, Dean Cring "could not understand the reasons [Plaintiff] gave her about her offers being unacceptable and therefore did not discuss or offer to look for other options." Id. at 4. Thereafter, Plaintiff had a meeting on January 5, 2012 with Provost Rogers at which time Plaintiff offered certain "options and

opinions." Id. By e-mail dated January 13, 2012, Plaintiff was offered a third choice that included sharing an office with "Dr. (M)." Id. at 5. Plaintiff apparently did not accept these offers. Further meetings were held.

In March or August 2012, Plaintiff filed a complaint with the New York State Division of Human Rights. Id. at 2.

In June 2013, Plaintiff was offered two other options, one of which Plaintiff accepted. Id. at 7. An additional option was offered to Plaintiff in August 2013. Apparently, the matter remains unresolved.

Plaintiff commenced the instant action claiming that Defendants violated his rights under the ADA by failing to reasonably accommodate his disabilities and failing to engage in the interactive process with him.

Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are merely consistent with a defendant's liability." Id. (internal quotation marks omitted). Applying this standard is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## III. DISCUSSION

### a. Individual Defendants

To the extent Plaintiff brings claims against the individual defendants, they must be dismissed because the ADA does not provide for individual liability. Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010).

### b. Failure to Accommodate

Plaintiff's claim is that Defendants failed to engage in the interactive process and provide him a centrally located office to accommodate his walking limitations. Although the ADA envisions an interactive process between employers and employees to assess whether an employee's disability can reasonably be accommodated, the failure to engage in the interactive process, standing alone, is insufficient to establish a claim under the ADA. McBride v. BIC Consumer Products Mfg. Co., Inc., 583 F.3d 92, 99-100 (2d Cir. 2009). Rather, the statute makes it unlawful to fail to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5). Thus, "failure to engage in the interactive process is relevant if it leads to a failure to provide an accommodation." Ragusa v. United Parcel Serv., 05 CIV. 6187(WHP), 2009 WL 637100 (S.D.N.Y. Mar. 3, 2009).

Here, the allegations in the Amended Complaint demonstrate that Defendants did respond to Plaintiff's request for accommodation and discussed options with him. The allegations further demonstrate that Defendants offered several options to Plaintiff aimed at accommodating his disability. Because of the confusing nature of the Complaint, the Court is

unable to ascertain when Plaintiff first requested accommodation and, thus, whether Defendants acts reasonably in their responses. The Amended Complaint alleges that Defendants offered options to Plaintiff in December 2011. At one point in the Amended Complaint, Plaintiff appears to claim that he requested accommodation in August 2011, see Am. Compl. at Ex. 1, p. 3, which would have been meant that Defendants delayed several months in responding to Plaintiff, whereas in another section, it appears that Plaintiff did not first request accommodation until December 2011, in which case Defendants responded promptly. Id. at p. 1. Because the Court must draw all reasonable inferences in favor of the non-movant and must provide special solicitude to pleadings by pro se litigants, this confusion precludes the Court from granting Defendant's motion on this ground at this time. It is possible that Defendant's delay in responding to Plaintiff and providing a reasonable accommodation renders them liable under the ADA.

That being said, it should be noted that, "[a]lthough a public entity must make 'reasonable accommodations,' it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice. McElwee v. Cnty. of Orange, 700 F.3d 635, 641 (2d Cir. 2012) (quoting Fink v. N.Y.C. Dep't of Personnel, 53 F.3d 565, 567 (2d Cir. 1995)); Lovejoy-Wilson v. Noco Motor Fuels, Inc., 242 F. Supp.2d 236, 243-44 (W.D.N.Y. 2003) (and cases cited therein). Here, the Amended Complaint alleges that Defendants provided numerous options aimed at accommodating Plaintiff's disability. In fact, the allegations in the Amended Complaint demonstrate that two offices were offered shortly after Plaintiff broached the issue of needing a new office to accommodate his disability. Although one of the rooms offered is alleged to have increased the distance Plaintiff would have had to walk, nothing in the Amended Complaint suggests that the other

option offered in December 2011 or the options offered thereafter did not reasonably accommodate Plaintiff's walking limitations. That fact that Plaintiff preferred an office with windows, better ventilation, and better privacy does not, in and of itself, make Defendants' efforts to accommodate Plaintiff's disability unreasonable.

    **c.    Rule 8**

Lastly, the Court notes that Plaintiff's Amended Complaint fails to comply with Fed. R. Civ. P. 8, which requires a short and plain statement of the claim. That Rule requires "[e]ach allegation to be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Dismissal of a complaint for violating Rule 8 is warranted where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Although no specific form is required, Plaintiff's Amended Complaint is disjointed, a lengthy narrative, and internally inconsistent and, therefore, does not meet the Rule's requirements. For this reason, the Court dismisses the Complaint and affords Plaintiff an opportunity to file a second amended complaint **within thirty days** of the date of this Order.

If Plaintiff desires to file a second amended complaint, he is advised to use simple, concise, and direct paragraphs clearly setting forth the events he claims resulted in the violation of his rights under the ADA. Long paragraphs are strongly discouraged. **THE FAILURE TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS SHALL RESULT IN THE FINAL DISMISSAL OF THIS MATTER WITHOUT FURTHER ACTION OF THE COURT.**

**IV.     CONCLUSION**

For the foregoing reasons, the Amended Complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8 and Plaintiff is granted leave to file a second amended complaint within thirty days of the date of this Order.

IT IS SO ORDERED.

Dated: November 15, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge